**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

KEVIN HAMILTON,

        Plaintiff,

vs.

LAS VEGAS METRO POLICE DEPARTMENT,

        Defendant.

Case No. 2:21-cv-01745-GMN-VCF

**Report and Recommendation for Dismissal**

Amended Complaint (ECF No. 4)

    Pro se plaintiff Kevin Hamilton filed an amended complaint. ECF No. 4. I recommend that plaintiff's amended complaint be dismissed.

**I.    Background**

    I previously dismissed plaintiff's complaint without prejudice, with leave to refile. ECF No. 3. I found that he had not stated sufficient facts regarding his Section 1983 claims. *Id*. at 6. I also found that the LVMPD could not be held liable under a theory of respondeat superior. *Id.* I also noted that plaintiff had filed multiple similar cases, many of which have now either been dismissed or there is a report and recommendation pending recommending dismissal.[1]

    In plaintiff's amended complaint, he alleges that on November 28, 2020, LVMPD officers approached his home and when plaintiff opened the door they pointed guns at him. ECF No. 4 at 2.

---

[1] See *Hamilton v. Las Vegas Metro Police Department*, 2:21-cv-01713-JAD-VCF; *Hamilton v. Las Vegas Metro Police Department*, 2:21-cv-01746-JAD-EJY; and *Hamilton v. Las Vegas Metro Police Department*, 2:21-cv-01747-RFB-BNW.

Plaintiff's amended complaint is difficult to follow, but he appears to allege that he asked the police if they had a warrant to arrest him but they refused to answer his questions. *Id.* at 3. Plaintiff alleges that the officers acted under "color of law" at all times. *Id.* Plaintiff alleges in his amended complaint that he heard dispatch tell the officers that he "did not commit a crime and to leave the scene," but that one of the officers yelled that Hamilton "has a gun." *Id.* Plaintiff alleges he was not charged with the crime. *Id.* Plaintiff alleges that he filed a complaint about the officers with the LVMPD but it has done nothing. *Id.* Plaintiff brings claims against the LVMPD and the doe officers for violating his Fourth Amendment rights and for "police misconduct: harassment." *Id.*

## II. Discussion

### 1. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of" the claims asserted. Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). Pro se pleadings are generally liberally construed and held to a less stringent standard. See *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). To hold an individual defendant personally liable for damages under Section 1983, the causation inquiry must be focused on whether the

2

individual defendant was able to take steps to avert the incident giving rise to the deprivation but failed to do so intentionally or with deliberate indifference. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

The Fourth Amendment guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures: Security of one's privacy against arbitrary intrusion by police is at core of Fourth Amendment and basic to free society. See *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684 (1961). The "basic purpose of this Amendment" "is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Carpenter v. United States*, 138 S. Ct. 2206 (2018)(quoting *Camara v. Mun. Ct. of City & Cty. of S.F.,* 387 U.S. 523, 528 (1967)). "[T]o use the Fourth Amendment's terminology, a 'seizure' -- occurs when a law enforcement officer, through coercion, physical force, or a show of authority, in some way restricts the liberty of a person. A person's liberty is restrained when, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *Hopkins v. Bonvicino*, 573 F.3d 752, 759 (9th Cir. 2009).

Municipalities may not be held liable on a respondeat superior theory under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipal entity may be liable when its "policy or custom…inflicts the injury." *Id*. at 694. Municipalities and other local government units are included in that group of "persons" referred to in Section 1983. *Id*. A complaint must allege "that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a nonpolicymaking official does not show the existence of a policy, custom, or practice. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "[O]nly if a plaintiff shows that his injury resulted from

'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000). "[A] Monell claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts, or habits.'" *Bedford v. City of Hayward,* 2012 WL 4901434, at 12 (N.D. Cal. Oct. 15, 2012) (citation omitted); see also *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.; OSU Student All. v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

### 2. Plaintiff's Fourth Amendment and Police Misconduct Claims

Plaintiff's conclusory assertions that all defendants have acted under color of law fail to meet Rule 8's basic requirements. Plaintiff alleges in his amended complaint that the officers arrived at his home for the purposes of harassing him and drew their guns. He appears to allege that the officers did so for no other reason than to harass him, but he also notes that one of the officers said that he had a gun. Plaintiff's complaint contains legal conclusions and argumentative assertions, but the facts are so conclusory and bare-bone that he has failed to meet the requirements of Rule 8. Plaintiff has failed to state sufficient facts to show that he was unlawfully seized. Plaintiff has not stated a plausible Fourth Amendment claim against the individual defendants. I recommend that his Fourth Amendment claim be dismissed.

Plaintiff's claim for "police misconduct: harassment" is insufficient to state a claim under Monell. Plaintiff has not included specific information regarding any of his other encounters with the

LVMPD that would show there is a formal governmental policy or a longstanding practice or custom. Plaintiff's amendment does not include sufficient factual allegations for fair notice or to demonstrate an entitlement to relief. The plaintiff also has not alleged any facts that the LVMPD has a policy or custom that is the moving force behind the alleged constitutional violations. Plaintiff has not included specific information regarding any of his encounters with the LVMPD that could show that he was subject to harassment pursuant to a formal governmental policy or a longstanding practice or custom. Plaintiff's amended complaint does not provide fair notice of his claims or demonstrate that he is entitled to relief. The LVMPD also cannot be held liable under theory of respondeat superior. I recommend that plaintiff's "police misconduct: harassment" claim be dismissed.

ACCORDINGLY,

I RECOMMEND that that this action be DISMISSED and Judgment entered.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by

counsel. Failure to comply with this rule may result in dismissal of the action.

        IT IS SO RECOMMENDED.

        DATED this 13th day of May 2022.

        _____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE