**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| KEVIN HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:21-cv-01745-GMN-VCF |
| vs. | ) | |
| | ) | **ORDER** |
| LAS VEGAS METRO POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Plaintiff Kevin Hamilton's ("Plaintiff's") Objection, (ECF No. 8), to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 6), recommending that the Court dismiss Plaintiff's Amended Complaint, (ECF No. 4), with prejudice for failure to state a claim upon which relief can be granted.

For the reasons discussed below, the Court **DENIES** Plaintiff's Objection, and **ADOPTS in full** the Magistrate Judge's Report and Recommendation.

I.   **BACKGROUND**

This case arises out of Plaintiff's contention that police officers from the Las Vegas Metro Police Department ("LVMPD") harassed him at his home. (*See generally* Am. Compl., ECF No. 4). Specifically, Plaintiff asserts that on November 28, 2020, LVMPD officers arrived at his home and knocked on the door. (*Id*. ¶ 7). Plaintiff asserts that after he opened the door, LVMPD officers aimed their guns at him and refused to tell him why they were at his house. (*Id*.). According to Plaintiff, one of the LVMPD officers stated they did not have a warrant for his arrest. (*Id*.) However, LVMPD officers allegedly refused to leave, stating they received word that Plaintiff had a firearm. (*Id*.). Plaintiff contends that LVMPD officers acted under the "color of law" at all times. (*Id*.). Plaintiff alleges that LVMPD officers have a history

of harassing him. (*Id.*).  Plaintiff "is disabled" and has a variety of medical conditions, including epilepsy, a brain cyst, a breathing disorder, a hiatal hernia, weight disorder, depression, spinal damage, two torn rotator cuffs, and severe anxiety. (*Id.*).  Plaintiff posits that he has suffered severe emotional distress and trauma as a result of this encounter. (*Id.*).

Plaintiff filed his first Complaint on September 22, 2021. (*See generally* Compl., ECF No. 1).  The Magistrate Judge dismissed this Complaint without prejudice, giving Plaintiff leave to amend. (*See* Order 1:14–17, ECF No. 3).  On November 29, 2021, Plaintiff filed his Second Amended Complaint, alleging that pursuant to 42 U.S.C. § 1983, LVMPD officers' unlawful harassment violated his Fourth Amendment rights. (*Id.* 5:15–7:26).  The Magistrate Judge entered a Report and Recommendation, recommending dismissal of Plaintiff's Amended Complaint for failure to state a claim upon which relief could be granted. (*See* R&R 4:13–5:12, ECF No. 6).  On May 27, 2022, Plaintiff filed the present Objection to the Report and Recommendation. (*See generally* Obj., ECF No. 8).  The Court discusses Plaintiff's Objection below.

## II.   **LEGAL STANDARD**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. Pr. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge).  "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object."

*Alcantara v. McEwen*, No. 12-cv-401, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (citing cases).

### III.   DISCUSSION

As stated, the Magistrate Judge recommends that the Court dismiss Plaintiff's § 1983 claim with prejudice. (R&R 4:13–5:12).  Plaintiff objects, arguing that the Magistrate Judge unfairly concluded that his claim lacks merit based on his prior filings in this Court, and in the alternative, requests that he once again be given leave to amend his complaint. (Obj. 1:13–2:7). The Court will examine each objection in turn.

**A.  Magistrate Judge's Reference to Plaintiff's Other Cases Before the Court**

Plaintiff's first objection asserts that the Magistrate Judge "err[ed] in concentrating on how many cases Plaintiff has pending in [this] District Court rather than focus on the instant action." (Obj. 1:13–19).

Plaintiff's argument appears to be that the Magistrate Judge unfairly concluded that Plaintiff's claim should be dismissed based on his prior filings in this Court.  Plaintiff is correct that the Magistrate Judge noted in the Report and Recommendation that Plaintiff "had filed multiple similar cases[]" in this District which have been dismissed or have dismissals pending. (R&R 1:18–21).  However, Plaintiff does not explain how and why this acknowledgement affected the reasoning of the Magistrate Judge's Report and Recommendation.  For an objection to be specific, it must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. *See Grady v. Biter*, No. 13-cv-2479, 2016 WL 537175, at *3 (S.D. Cal. Feb. 10, 2016) ("Petitioner's objections amount to 'general objections' that do not address the substance of any specific findings in the Report, which in turn has the same effect as failing to object.").  Because Plaintiff does not address the Magistrate Judge's reasoning in his Objection, the Court finds

that Plaintiff's conclusory argument is a general, rather than specific objection, which fails to identify with any degree of specificity how, where, and why the Magistrate Judge erred. *See Robles v. Beard*, No. 14-cv-1514, 2015 WL 7313874, at *2 (S.D. Cal. Nov. 20, 2015) (determining that Petitioner's arguments did not constitute a proper objection where Petitioner not only failed to "specifically challenge the magistrate judge's legal conclusion; he failed to make even the slightest reference to the magistrate's judge's analysis.").  Because Plaintiff filed a general, rather than specific objection, the Court need not conduct a *de novo* review. *Alcantara*, 2013 WL 4517861, at *1.

### B.  Plaintiff's Request for Leave to Amend

Plaintiff additionally argues that any deficiencies in his Amended Complaint should be overlooked due to his poor health. (Obj. 1:20–1:27).  Plaintiff maintains that he can fix any deficiencies in his complaint if given leave to amend. (*Id.* 2:1–7).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is *pro se*. *Id*. at 1130–31; *see also Cato v. United States*, 70 F.3d 1103, 1996 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1107–11; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

First, although the Court is sympathetic to Plaintiff's health conditions, it does not find his argument persuasive.  The Magistrate Judge previously granted Plaintiff thirty-days to amend his original Complaint. (*See generally* Order, ECF No. 3).  Even considering Plaintiff's health conditions, he was given ample time to file an adequate Amended Complaint.  Second, as Plaintiff's Amended Complaint failed to cure the deficiencies which were previously

identified by the Magistrate Judge in dismissing the original Complaint with leave to amend, "[i]t, therefore, appears further leave to amend would be futile." *Nunez-Martinez v. United States*, No. 19-cv-514, 2019 WL 3208815, at *4 (C.D. Cal. May 9, 2019); *see Ismail v. Cty. of Orange*, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) ("[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'") (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)).  Accordingly, the Court will deny Plaintiff's request for leave to file an amended complaint.

### C. *De Novo* Review

Although Plaintiff's Objection does not address the Magistrate Judge's conclusions in the Report and Recommendation, the Court, upon conducting a *de novo* review of the Magistrate Judge's findings, determine that the recommendation and findings are proper. Therefore, the Court denies Plaintiff's Objection and adopts the Report and Recommendation as to its recommendation that Plaintiff's § 1983 claim be dismissed with prejudice for failure to state a claim as a matter of law.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 8), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 6), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close the case.

**DATED** this __30__ day of January, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT